**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CHRISTOPHER LENHART,

    Petitioner,

    v.

                             Civil Action No.:  JRR-23-1911

CRYSTAL CARTER, *Warden*,[1]

    Respondent.

**MEMORANDUM OPINION**

Petitioner Christopher Lenhart filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' ("BOP") calculation of his sentence; specifically, that he was not credited with 12 months of time served in state custody.  ECF 1.  In response, Respondent Warden Carter filed an Answer to the Petition arguing that the Petition should be dismissed because Lenhart's sentence was properly calculated.  ECF 9.  Lenhart responded in opposition to the Answer.  ECF 14.

Lenhart subsequently filed a Motion to Transfer the case to the Eastern District of Kentucky, because he had been transferred from the Federal Correctional Institution in Cumberland, Maryland to the Federal Correctional Institution in Manchester, Kentucky.  ECF 20. At the same time, Lenhart advised that the BOP had recalculated his sentence again, changing his release date from February 2, 2026, to October 30, 2026.  *Id*. at 2.  Lenhart also reiterated his argument that his sentence was improperly calculated.  *Id*. at 2.  The Motion to Transfer was denied, but Respondent was directed to supplement her Answer "to address the most recent

---

[1] The Clerk will be directed to amend the docket to reflect the correct name of Respondent as Crystal Carter. *See* ECF No. 9 at 1 n.1.

calculation of Petitioner's sentence, and whether and how the recalculation changes any of [her] arguments in support of dismissing the Petition." ECF 21. After moving for an extension of time, which shall be granted *nunc pro tunc*, Respondent filed the Supplement as directed. ECF 23, 26. Respondent explained that the computation referenced by Lenhart moving his release date to October 30, 2026, was in error, and that the release date has been changed to February 2, 2026. ECF 26 at 2. Review of the BOP's online inmate locator confirms that Lenhart was released from BOP custody on February 2, 2026. *See* https://www.bop.gov/inmateloc/ (last visited July 28, 2026).

The pending matters have been fully briefed, and there is no need for a hearing. For the following reasons, the Petition is denied.

## I.      BACKGROUND

Respondent provides the following timeline of events, which Lenhart has not opposed. After serving a seven-year prison state sentence in Cleveland, Ohio, Petitioner was released with conditions on October 22, 2005 (Case No. 1). ECF 9 at 1. He was arrested on October 10, 2018, for violating his conditions of release, and sentenced to two years of probation on March 27, 2019. *Id*. He was arrested again on May 19, 2019, in Cuyahoga County, Ohio on new state charges (Case No. 2). *Id*. at 2. On May 30, 2019, Lenhart was arrested by the United States Marshals Service ("USMS") Fugitive Task Force for Ohio State Authorities in Cuyahoga County for outstanding warrants regarding Case No. 2 as well as parole violations; he was found with a firearm and ammunition upon his arrest. *Id*. On July 24, 2019, Lenhart was sentenced to 36 months in prison for the violation of probation in Case No. 1. *Id*. On November 7, 2019, Lenhart was indicted in the United States District Court for the Northern District of Ohio, Case No. 1:19-cr-00673, on charges of being a felon in possession of a firearm. *Id*. On January 14, 2020, Lenhart was

sentenced to 12 months in prison in state Case No. 2. *Id*. On April 30, 2020, the state judgment and 36-month sentence in Case No. 1 was vacated and remanded. *Id*. Lenhart continued to serve his 12-month sentence in Case No. 2, and completed that sentence on September 30, 2020, at which point he was taken into custody of the USMS. On January 26, 2022, Lenhart was sentenced in federal court to a term of 80 months' imprisonment, to be served concurrently with any unexecuted term(s) of incarceration. *Id*. at 2-3. Lenhart's sentence in Case No. 1 was vacated on April 30, 2020; therefore, the State of Ohio credited him in Case No. 2 for time served from July 18, 2019, to January 29, 2020, which should have resulted in his release from state custody on July 17, 2020. *Id*. at 3. The BOP then credited Lenhart with jail time from July 18, 2020, to January 25, 2022 as well as from May 30, 2019, to July 17, 2019. *Id*.

The judgment in Lenhart's federal case, dated January 26, 2022, states that he is committed to the BOP for a term of imprisonment of "80 months as to Count 1 of the Indictment, such term to be served concurrently to any unexecuted term(s) of incarceration owed to the State of Ohio criminal justice system." ECF 9-1 at 40-41. The judgment included a recommendation to the BOP that Lenhart "remain in federal custody and receive credit for time already served in federal custody dating back to date of arrest." *Id*. at 41.

Lenhart contends he should have received credit for the full 12 months he served for Case No. 2, because his federal sentence was ordered to be served concurrently.[2] ECF 1 at 7; 14 at 2.

## II.    ANALYSIS

It is the responsibility of the United States Attorney General, the Department of Justice, and the BOP to compute sentences of prisoners committed to the custody of the United States or

---

[2] Respondent states she is unable to discern the nature of Lenhart's allegations referencing the Interstate Agreement on Detainers ("IADA"). ECF 1 at 7; ECF 9 at n.2. The Court likewise cannot discern the purpose of Lenhart's reference to the IADA, however, his opposition response at ECF 14 makes clear that the crux of his argument is that the BOP should have credited him with the time served in state custody on Case No. 2.

the District of Columbia, and to apply jail credit where due.  18 U.S.C. § 3624; *see Leavis v. White*, 898 F.2d 154 (6th Cir. 1990) (citing *United States v. Norman*, 767 F.2d 455, 457 (8th Cir. 1985)); *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir. 1979).  After a federal district court sentences a federal offender, the Attorney General, through the BOP, is responsible for administering the offender's sentence.  18 U.S.C. § 3621(a); *United States v. Wilson*, 503 U.S. 329, 335 (1992); *see also United States v. Stroud*, 584 F. App'x 159, 160 (4th Cir. 2014) (holding Attorney General, through BOP, responsible for computing sentencing credit for time in detention prior to sentencing).

"Authority to calculate a federal prisoner's period of incarceration for the sentence imposed and to provide credit for time served is delegated to the Attorney General, who exercises it through the BOP."  *Brown v. Caraway*, No. DKC–12–2318, 2013 WL 1702643, at *3 (D. Md. Apr. 13, 2013) (citing *United States v. Wilson*, 503 U.S. 329, 334–35 (1992)).  Thus, it is the BOP that determines when a sentence begins and how much credit is due for time spent in pre-trial custody. *Brown*, 2013 WL 1702643, at *3 (citing *United States v. Montez-Gaviria*, 163 F3d 700-01 (2nd Cir. 1998) and 18 U.S.C. § 3585(a)).

A federal sentence does not begin until the Attorney General receives the defendant in custody for service of that sentence.  18 U.S.C. § 3585(a).  Previous periods of custody are credited in accordance with 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that has not been credited against another sentence.

The statute establishes that a defendant is not entitled to "double credit" toward a state sentence and a federal sentence before imposition of the federal sentence at issue. *Wilson,* 503 U.S. at 337.

Pursuant to BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, "federal judges have the authority to order a federal term of imprisonment to run consecutively to or concurrently with any other sentence. When there is a previously imposed sentence (federal or non-federal) in existence at the time of federal sentencing, and the federal judge does not state whether multiple terms of imprisonments are to run consecutively to or concurrently with one another, the sentences run consecutively." A federal judge may order a federal sentence to run concurrently or consecutively to a previously imposed state sentence. *See* 18 U.S.C. § 3584. When a federal judge orders or recommends that a federal sentence run concurrently with a state sentence already imposed, the BOP implements such an order. *See* BOP Program Statement 5160.05.

Regardless of any statement made by the judge or written on the judgment, however, it is the sole responsibility of the BOP, not the court, to determine when a defendant's federal sentence starts and whether a defendant will receive credit for previous time in custody. *Wilson*, 503 U.S. at 335; *Till v. Warden*, 2021 WL 3633963 * 4 (D. Md. Aug. 17, 2021); *Harris v. Dewalt*, 2005 WL 1126842, at *2 (D. Md. May 12, 2005) (Titus, J.) (holding that "[t]he Bureau of Prisons, and not the courts, determine when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody") (citing *Montez-Gaviria*, 163 F.3d at 700-701)); *see also Brown v. Caraway*, 2013 WL 1702643, at *3 (D. Md. Apr. 18, 2013) (Chasanow, J.) (explaining that "[a]uthority to calculate a federal prisoner's period of incarceration for the sentence imposed and to provide credit for time served is delegated to the Attorney General, who exercises it through the BOP") (citations omitted).

Where a court orders a sentence to run concurrently to another, but "'there [is] no overlap, the sentences cannot run concurrently.'"   *See Thomas v. Williams*, 2016 WL 3960507 *5 (N.D.W.V. June 27, 2016) (quoting *Cook v. Winn*, 472 F. Supp. 2d 113, 115 (D. Mass 2007) (rejecting inmate's request for credit on his federal sentence because his state sentence was supposed to run concurrent to any federal prison time).  This is because "a federal sentence cannot commence prior to the date it is pronounced, *even if made concurrent with a sentence already being served*." *Barnes v. Masters*, 733 F. App'x 93, 96 (4th Cir.), *cert. denied*, 586 U.S. 992 (2018) (quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)) (emphasis in original); *see also Wilson v. Henderson*, 468 F.2d 582, 584 (5th Cir. 1972) ("A sentence cannot commence prior to the date it is pronounced even if it is to be concurrent to a sentence already being served.").

Lenhart's federal sentence commenced on the date of his sentencing, January 25, 2022. ECF 9-1 at 40.  At that time, he was no longer serving any other sentence; therefore, there was no overlap among the sentences.  As such, Lenhart's argument that the Court intended his federal sentence to run concurrently to his 12-month state sentence on Case No. 2 is unavailing.  Further, regardless of the sentencing court's intent, only the BOP can determine credit for time served (if any). *Wilson*, 503 U.S. at 335.  Finally, the sentencing court specifically stated that Lenhart's federal sentence "be served concurrently to any unexecuted term(s) of incarceration."  ECF 9-1 at 41.  At the time Lenhart's federal sentence commenced on January 25, 2022, he was not subject to any unexecuted term of imprisonment.  As such, the Petition shall be denied.

To the extent Lenhart alleges in his Motion to Transfer that his release date was erroneously changed from February 2, 2026, to October 30, 2026, that claim is moot.  ECF 20.  Respondent advised that the error has been corrected, and it appears Lenhart was in fact released on February 2, 2026.  ECF 26 at 3; https://www.bop.gov/inmateloc/.

For these reasons, the Petition shall be denied by separate Order which follows.

/S/

July 31, 2026

Julie R. Rubin
United States District Judge